# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

DAWIT ABRAHAM MEHARI,

    Petitioner,

v.

PATRICK GARTLAND,

    Respondent.

CIVIL ACTION NO.: 5:17-cv-53

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Dawit Abraham Mehari ("Mehari"), who is currently in the physical custody of United States Immigration and Customs Enforcement ("ICE") at the Folkston ICE Processing Center in this District, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) After the Court ordered service, Respondent filed a Response arguing that the Court should dismiss the Petition. (Doc. 12.) For the reasons which follow, I **RECOMMEND** that the Court **DISMISS WITHOUT PREJUDICE** Mehari's Petition, (doc. 1), **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Mehari *in forma pauperis* status on appeal.

## **BACKGROUND**

On May 11, 2016, Mehari, a native and citizen of Eritrea, applied for admission to the United States at the Hidalgo, Texas, Port of Entry, by claiming a fear of returning to his country. (Doc. 1, p. 6.) After referral for a credible fear interview, an Asylum Pre-Screening Officer with the United States Citizenship and Immigration Services referred Mehari's case to an Immigration Judge. (Doc. 12-1, p. 1.) On October 21, 2016, the Immigration Judge ordered Mehari removed

to Eritrea. (Doc. 1, p. 7.) Mehari did not file an appeal, and the removal order became administratively final. (Doc. 12-1, p. 2.)

However, Mehari has not yet been removed to Eritrea. On numerous occasions, ICE served Mehari with a Warning for Failure to Depart, reminding him of his obligation to make timely applications for travel and identification documents. (Id. at pp. 2–3.) Nevertheless, Mehari failed to make any effort to obtain travel documents. (Id.) On January 11, 2017, ICE mailed a request to the Embassy of Eritrea for issuance of travel documents, but Eritrea has yet to issue those documents. (Id. at pp. 2–3.) ICE conducted reviews of Mehari's custody conditions on January 12, 2017, and April 25, 2017. (Id. at p. 4.) After those reviews, ICE found that Mehari's removal was likely in the reasonable foreseeable future, and thus, decided to continue Mehari's detention. (Id.) On July 12, 2017, ICE Removal and International Operations, a division of Enforcement and Removal Operations at ICE Headquarters, advised that Mehari was set for a July 26, 2017, interview with the Eritrean Embassy regarding his travel documents. (Id. at p. 3.) ICE Detention and Deportation Officer Haylean Berry avers that ICE will schedule Mehari's removal as soon as Eritrea issues his travel documents. (Id. at p. 3.)

Mehari filed this Section 2241 action on May 8, 2017 in the Northern District of Georgia. (Doc. 1.) Therein, he requests that he be released from ICE custody while his removal proceedings are pending. After the case was transferred to this Court, on June 29, 2017, the Court ordered the United States Marshal to serve the Respondent with a copy of the Petition and to respond to the Petition within twenty days of service. (Doc. 8.) The Marshal served Respondent on July 7, 2017, (doc. 10), and Respondent filed his Response, through counsel, on July 20, 2017 (doc. 13).

**DISCUSSION**

**I.      Dismissal of Mehari's Section 2241 Petition**

Under the Immigration and Nationality Act, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. §1231(a)(1)(A). During that period, the Attorney General must detain the alien. 8 U.S.C. §1231(a)(2). Additionally, the Attorney General may detain certain categories of aliens beyond the 90 day removal period. 8 U.S.C. § 1231(a)(6). However, any continued detention under that statute must not be indefinite. See Zadvydas v. Davis, 533 U.S. 678, 701 (2001) (construing 8 U.S.C. § 1231(a)(6) to contain a "reasonable time" limitation in which the Attorney General may detain aliens beyond the 90 day period). The United States Supreme Court has found that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id.

However, this does not entail that every alien detained longer than six months must be released. Id. Rather, to state a claim for habeas relief under Zadvydas, an alien must (1) demonstrate that he has been detained for more than six months after a final order of removal; and (2) "provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002). If a petitioner makes these showings, the burden shifts to the Government to respond with evidence to rebut that showing. Zadvydas, 533 U.S. at 701.

Mehari has satisfied the first prong of Akinwale (i.e., detention beyond the six-month removal period). His order of removal became administratively final on October 21, 2016. Thus, the six-month mark passed on April 21, 2017. Nevertheless, he has failed to satisfy the second prong of Akinwale. He has not presented any evidence of a good reason to believe that

there is no significant likelihood of removal in the reasonably foreseeable future. Akinwale, 287 F.3d at 1052. Mehari has not argued, much less presented evidence, that any department of the United States has hindered his removal. Rather, in his Petition, he generally states that he would not be a threat to the community if he was released in the United States. (Doc. 1, p. 4.)

Any conclusory and generalized allegations regarding Eritrea's intentions and practices are insufficient to state a claim that there is no significant likelihood of his removal in the reasonably foreseeable future. Fahim v. Ashcroft, 227 F. Supp. 2d 1359, 1365 (N.D. Ga. 2002) (Egyptian petitioner's "bare allegations are insufficient to demonstrate a significant unlikelihood of his removal in the reasonably foreseeable future."). Mehari's wholly conclusory allegations lack any support in the record and do not require consideration by this Court, let alone entitle him to any relief. See Caderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001) (vague, conclusory allegations in a Section 2255 motion insufficient to state basis for relief); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (quoting Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (petitioner not entitled to habeas relief "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible.'")).

Equally unavailing is Mehari's implied argument that the Court can somehow presume that he will not be removed in the reasonably foreseeable future because he was not removed within 180 days of the removal order. (Doc. 1-2, pp. 2, 6–7.) Under this line of reasoning, the Court must grant relief any time a petitioner is held for longer than six months after a removal order. This would render the second prong of Akinwale meaningless and contradict the holding of Zadvydas. Furthermore, Mehari does not explain how the past lack of progress in the issuance of his travel documents means that Eritrea will not produce the documents in the foreseeable

future.  See Fahim, 227 F. Supp. 2d at 1366 ("The lack of visible progress since the INS requested travel documents from the Egyptian government does not in and of itself meet [petitioner's] burden of showing that there is no significant likelihood of removal. '[I]t simply shows that the bureaucratic gears of the INS are slowly grinding away.' [Khan v. Fasano, 194 F. Supp. 2d 1134, 1137 (S.D. Cal. 2001).] In other words, the mere fact that the Egyptian government has taken its time in responding to the INS request for travel documents does not mean that it will not do so in the future."). While Mehari has shown bureaucratic delays in his removal proceedings, he has not demonstrated a significant unlikelihood of his removal in the reasonably foreseeable future.

Furthermore, even if the Court were to accept Mehari's speculation regarding Eritrea's inaction on his proceedings, Respondent has rebutted that showing. The Government has presented evidence that the Eritrean Embassy has responded in some measure to ICE's request for travel documents. The Eritrean Embassy advised ICE that it planned to interview Mehari on July 26, 2017. (Doc. 12-1, p. 3.) Additionally, Respondent has produced an affidavit from Officer Haylean Berry, an ICE Deportation Officer, who declares ICE will schedule Mehari's removal as soon as Eritrea issues his travel documents. (Id.)

Mehari has failed to present any facts indicating that ICE is incapable of executing his removal order and that his detention will be of an indefinite nature. However, circumstances could eventually change in Mehari's removal situation where he could present a plausible claim for relief. Accordingly, the Court should **DISMISS WITHOUT PREJUDICE** Mehari's Petition filed pursuant to 28 U.S.C. § 2241. Akinwale, 287 F.3d at 1052 ("Because circumstances may ultimately change in [petitioner's] situation, we affirm the dismissal without

prejudicing [petitioner's] ability to file a new § 2241 petition in the future that may seek to state a claim upon which habeas relief can be granted.").

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Mehari leave to appeal *in forma pauperis*. Though Mehari has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Mehari's Petition and Respondent's Response, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS WITHOUT PREJUDICE** Mehari's Petition, (doc. 1), and **DIRECT** the Clerk of Court to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Mehari leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Mehari and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 30th day of August, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA